WILLIAM H. NIEHOFF

*vs.*

HERMAN D. SAHAGIAN

Kennebec.    Opinion, January 14, 1954.

*Dubord & Dubord,* for plaintiff.

*Goodspeed & Goodspeed,*
*Richard S. Chapman,* for defendant.

SITTING: MERRILL, C. J., THAXTER, FELLOWS, WILLIAMSON, WEBBER, JJ. TIRRELL, J., did not sit.

MERRILL, C. J.    On exceptions.    This is an action for slander.    The amended declaration contains two counts. The first count alleges that the defendant slandered the plaintiff by falsely and maliciously accusing him of the

crime of subornation of perjury by speaking of and concerning the plaintiff the following words:

> "I was urged by the attorney general's department to testify in the Zahn-Papalos trials in Cumberland County that I had committed a crime when I believed I had not. I was urged by William Niehoff, Assistant Attorney General and prosecutor in the Zahn-Papalos trials, to tell the court that I had committed a crime."

The second count alleges that the defendant did speak and publish of and concerning the plaintiff *in his capacity as an attorney-at-law* the same words above set forth and contains the further allegation that by means of said statements the defendant did falsely accuse the plaintiff of having committed the heinous crime of subornation of perjury.

In neither count is there a claim for special damages nor is there any allegation that the plaintiff suffered special damages because of the alleged slander.

The defendant filed a general demurrer to each count. These demurrers were sustained by the presiding justice and it is upon exceptions to these rulings of said justice that the case is now before this court.

The amended counts, demurrers, and rulings of the court in this case, except for variation of the words alleged to have been used, are identical with those declared upon in the companion case between the same parties, *Niehoff* v. *Sahagian,* 149 Me. 396. That case was argued with this one and the opinion therein is simultaneously filed herewith. For the same reasons stated therein, we hold that the words set forth in the first count in this case are insufficient in and of themselves to constitute a charge of crime as alleged. Nor are the words made sufficient therefor by inducement *and* colloquium. For the same reasons we hold that the words in the second count are insufficient to charge the plaintiff with misconduct with respect to his profession.

Nor are the words made sufficient therefor by inducement *and* colloquium. Both counts were demurrable. Extended opinion herein is unnecessary. For detailed discussion and statement of the legal principles and authorities upon which we base this decision see *Niehoff* v. *Sahagian, supra.*

The entry must be

*Exceptions overruled.*